UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MIKE RILEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:08-CV-0327 WL ) |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Mike Riley, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons

for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Riley raises one ground in his petition: that prison officials did not follow procedures mandated by Indiana Department of Correction ("IDOC") rules and regulations in dealing with evidence. He states that under IDOC and Indiana State Prison Policy and Procedure, any liquid substance that is believed to be an intoxicant is to be photographed and a sample of the liquid is to be placed in a sealed container and tested. The attachments to the petitioner's petition for writ of habeas corpus establish that the liquid Riley was found in possession of was tested, but it was not photographed.

Section 2254(a) provides that federal courts "shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief, *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995), and violations of prison disciplinary policies, such as those alleged by this petitioner, do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765 , 774-75 (N.D.Ind. 1997).

Even if failure to photograph suspicious liquids may violate IDOC policy, it does not constitute a violation of the federal Constitution or laws. The Federal Constitution or laws do not require that suspected intoxicating beverages be photographed. Where, as

2

here, such a liquid is tested and found to be an intoxicant is sufficient to support a finding of guilt. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. at 455.

For the foregoing reasons, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2254(b)(1)(A).

**SO ORDERED**

DATED: August  28 , 2008

                             s/William C. Lee  
                             William C. Lee, Judge  
                             United States District Court